UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(AUSTIN DIVISION)

FILED
2008 JUL 14  PM 1:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| GLENN ADAIR, DERIVATIVELY AND ON BEHALF OF NOMINAL DEFENDANT MOTIVE, INC., § § § | |
| PLAINTIFF, § § | |
| V. § § | CAUSE NO. A-06-CA-017-LY |
| SCOTT HARMON, PAUL M. BAKER, VIRGINIA GAMBALE, MICHAEL J. MAPLES, SR., TOM MEREDITH, DAVID SIKORA, HARVEY WHITE, ERIC L. JONES, MICHAEL LAVIGNA, AND JOHN D. THORNTON, § § § § § § § | |
| DEFENDANTS, § § | |
| AND § § | |
| MOTIVE, INC., § | |
| NOMINAL DEFENDANT. § | |

## FINAL JUDGMENT

A hearing (the "Settlement Fairness Hearing") having been held before this Court on July 1, 2008, pursuant to this Court's Order of March 6, 2008 (the "Preliminary Order"), on the Settlement set forth in a Stipulation and Agreement of Settlement of Derivative Action dated as of December 6, 2007 (the "Derivative Stipulation"), and application having been made for an award of attorney's fees and expense reimbursement to Derivative Plaintiff's Counsel as set forth in the Derivative Stipulation ("Fee Application"); and it appears that due notice (the "Notice") of said Settlement Fairness Hearing was given in accordance with the Preliminary Order; the respective parties having appeared by their respective attorneys, and such attorneys having been heard; no person or entity having objected to the Settlement, to the release of the Settled Derivative Claims, or to the Fee Application; the matters having been considered by the Court; and the Court having made its findings of fact and conclusions of law as set forth below.

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Capitalized terms used herein and not otherwise defined shall have the same meaning as set forth in the Derivative Stipulation.

2. The form and manner of Notice given to Shareholders of Motive are hereby determined to have been the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

3. This action is properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of Motive, and Glenn Adair is an appropriate derivative plaintiff.

4. The Settlement is approved as fair, reasonable, and adequate and in the best interests of Motive and its Shareholders and shall be consummated in accordance with the terms and conditions of the Derivative Stipulation.

5. This action is hereby **DISMISSED WITH PREJUDICE** as to Motive and the Settling Individual Defendants.

6. Derivative Plaintiff and Motive Shareholders, and their respective successors and assigns, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all lawsuits or claims based upon, related to or arising out of the Settled Derivative Claims against any and all Released Parties. The Settled Derivative Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment.

7. Each of the Released Parties is, by virtue of the Settlement and this Final Judgment, discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any of the Non-Settling Defendants based upon, relating to, or arising out of the Settled Derivative Claims. Accordingly,

the Derivative Plaintiff, the Releasors, Non-Settling Defendants (including all past, existing, and future defendants in the litigation), third parties and any other Persons sued or to be sued by the Derivative Plaintiff or Releasors are barred and enjoined from commencing or prosecuting any action against the Released Parties relating to any of the Settled Derivative Claims, including but not limited to any suit for contribution, common law, or statutory indemnity, or other claims by a Non-Settling Defendant or third party against a Released Person directly or indirectly arising out of, based upon, relating to or connected with any of the Settled Derivative Claims.

8. Neither this Final Judgment, the Derivative Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Motive, the Settling Individual Defendants, the Released Parties or against the Derivative Plaintiff as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of them with respect to the truth of any fact alleged by Derivative Plaintiff or the validity of any claim that had been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of Motive or the Settling Individual Defendants;

(b) offered or received against Motive or the Settling Individual Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Motive or any Settling Individual Defendant, or against the Derivative Plaintiff as evidence of any infirmity in the claims of Derivative Plaintiff;

(c) offered or received against Motive or the Settling Individual Defendants or against the Derivative Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to

the Derivative Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Derivative Stipulation; provided, however, that Motive and the Settling Individual Defendants may refer to the Derivative Stipulation to effectuate the liability protection granted them thereunder;

  (d) construed against Motive, the Settling Individual Defendants or the Derivative Plaintiff as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

  (e) construed as or received in evidence as an admission, concession or presumption against Derivative Plaintiff that any of their claims are without merit or that damages were not recoverable in the Derivative Action.

  9. The Fee Application is granted and Derivative Plaintiff's Counsel are hereby awarded $107,500 for their reasonable attorney's fees and for reimbursement for expenses incurred in connection with the Derivative Action. The attorney's fees and reimbursement of expenses shall be distributed pursuant to the Derivative Stipulation.

  10. An incentive award is granted, and Plaintiff Glenn Adair is awarded $2,000 from the amount awarded to the attorneys as their attorney's fees and expenses.

  11. Jurisdiction is hereby retained over the parties for all matters relating to this action, including the interpretation, effectuation or enforcement of the Derivative Stipulation and this Final Judgment.

  12. All other relief not expressly granted is **DENIED**.

  13. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. The cause is hereby **CLOSED**.

Signed this \_\_\_14th\_\_\_ day of July, 2008

                                               _____
                                               LEE YEAKEL
                                               UNITED STATES DISTRICT JUDGE